Catherine R. Hoover, AAG
Lisa H. Pan, AAG
Office of the Attorney General
670 Woodland Sq. Loop SE
Olympia, WA 98504-0124
(360) 459-6730

The Honorable John C. Coughenour
Hearing Date: December 23, 2005
Without Oral Argument

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| ONYX PHARMACY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDICAL ASSISTANCE ADMINISTRATION DEPARTMENT OF SOCIAL AND HEALTH SERVICES, STATE OF WASHINGTON, <br><br> Defendant. | NO. CV-051848 <br><br> **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS** |

### I.   RELIEF REQUESTED

Defendant, State of Washington, Department of Social and Health Services, Medical Assistance Administration (now known as "Health and Rehabilitation Services Administration"), through its attorneys, Rob McKenna, Attorney General, and Catherine R. Hoover and Lisa H. Pan, Assistant Attorneys General, move for an order dismissing the claims of Onyx Pharmacy, Inc., a Washington Corporation, if it fails to appear through a duly qualified attorney by January 23, 2006.

PAGE 1
DEFENDANT'S MOTION TO DISMISS
CV-051848

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA 98504-0124
(360) 459-6558

## II. FACTUAL BACKGROUND

On October 18, 2005, Plaintiff Onyx Pharmacy Inc. ("Onyx") originally filed this cause of action in the Washington State Superior Court for King County. It included state law tort claims and Federal Civil Rights claims against the State of Washington, Department of Social and Health Services ("DSHS"). On November 7, 2005, DSHS removed the claims to this court. *See Notice of Removal of Action to Federal District Court Under 28 §§ 1441(b)* **(Dkt 1)**.

In its complaint, Onyx alleges that it is a Washington corporation. *Complaint* ¶ 1.1 **(Dkt. 5)**. The pleadings are signed by its CEO, Oleg Ordinartsev, "pro se." *See Summons* and *Complaint* **(Dkt. 5)**. Counsel for DSHS sent a letter to Mr. Ordinartsev dated November 16, 2005, advising him that DSHS would seek to dismiss Onyx's claims unless DSHS received a notice of appearance from an attorney on behalf of Onyx by November 28, 2005. *Declaration of Catherine R. Hoover* ¶ 2, *Exhibit A* ("Hoover Declaration"). To date, DSHS has not received a notice of appearance from an attorney for Onyx. *Hoover Declaration*, ¶ 2.

## III. EVIDENCE RELIED UPON

The Summons and Complaint filed by Onyx; Declaration of Catherine R. Hoover, with Exhibit.

## IV. QUESTIONS PRESENTED

1. Whether Onyx should be required to appear through an attorney because it is a corporation;

2. Whether the claims of Onyx should be dismissed without prejudice if it fails to appear through an attorney.

PAGE 2
DEFENDANT'S MOTION TO DISMISS
CV-051848

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA 98504-0124
(360) 459-6558

## V. ARGUMENT

### A. Corporations May Not Appear Pro Se.

Federal and Washington state courts recognize that corporations, as artificial entities, may not act *pro se*. As this court has noted:

> Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of [28 U.S.C.] § 1654 is that the only proper representative of a corporation is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation.

*United States v. Western Processing Co., Inc.*, 734 F. Supp. 930, 940 (W.D. Wash. 1990), *see also Lloyd Enterprises, Inc. v. Longview Plumbing & Heating Co., Inc.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998) ("Because corporations are artificial entities that can only act through their agents, we agree with the general common law rule, recognized by courts in other jurisdictions, including all federal courts, that corporations appearing in court proceedings must be represented by an attorney").

Courts are reluctant to allow corporations to take advantage of the corporate structure when it suits them, but disregard such structure when it does not. "When a business accepts the advantages of incorporation, it must also bear the burdens, including the need to hire counsel to sue or defend in court." *Woodford Mfg. Co. v. A.O.Q., Inc.*, 772 P.2d 652, 654 (Colo. Ct. App. 1989), *cert . denied*, 797 P.2d 748 (Colo. Sup. Ct. 1990). Thus, the general rule has been applied even where the corporation is small or the alter ego of one or a few individuals. For example, in *In re K.M.A., Inc.*, 652 F.2d 398, 399 (9th Cir. 1981), the court ordered that the corporation's appeal would be dismissed if it failed to appear through an attorney within 30 days, even though the person seeking to represent the corporation was its president and major shareholder. Similarly, in *United States v. High Country*

PAGE 3
DEFENDANT'S MOTION TO DISMISS
CV-051848

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA 98504-0124
(360) 459-6558

*Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993), *cert. denied*, 513 U.S. 826, 115 S. Ct. 93, 130 L. Ed. 2d 44 (1994), a default judgment was entered against a corporation that refused to comply with the court's order to retain counsel, even though the person attempting to act *pro se* was the sole shareholder.[1]

Additionally, courts have refused to make exceptions to the rule based on financial difficulty that attorneys fees may pose to small corporations. For example, this Court declined to make an exception in *Western Processing Co., Inc.*, 734 F. Supp. at 940, even though the corporation maintained it did not have the means to retain an attorney. Similarly, in *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983), the court denied a corporation's request to act *pro se* based on the financial hardship posed by attorneys fees.

While some courts have made limited exceptions to the rule, the United States Supreme Court criticized such exceptions in *Rowland v. California Men's Colony*, 506 U.S. 194, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). In discussing the rule, the court noted, "[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Id.*, 506 U.S. at 201-02; 113 S. Ct. at 721. The court called the exceptional cases cited by the respondent "aberrant," noting they failed to follow federal precedent and have been criticized and not followed. *Id.*, 506 U.S. at 202, 113 S. Ct. at 721, note 5.[2]

---

[1] The shareholder's motion to intervene after the corporation assigned its claims to the shareholder also was denied. The court characterized the assignment as an attempt to make an "end run around [28 U.S.C.] section 1654" and the requirement that corporations be represented by counsel. *High Country Broadcasting Co., Inc.*, 3 F.3d at 1245.

[2] One of the cases discussed in footnote 5 was issued by the 9th Circuit (*United States v. Reeves*, 431 F.2d 1187 (9th Cir. 1970)). *Reeves* has been recognized as overruled by *Rowland*. *See In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994).

PAGE 4
DEFENDANT'S MOTION TO DISMISS
CV-051848

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA 98504-0124
(360) 459-6558

**B.  If Onyx Fails to Retain an Attorney, Its Claims Should Be Dismissed.**

As a corporation, Onyx is not entitled to act pro se. This is the case even if Onyx is a small corporation, or is represented by one of its few shareholders or officers. Although some courts have allowed limited exceptions to this rule, the United States Supreme Court has criticized such exceptions as "aberrant." As such, unless Onyx has a notice of appearance entered on its behalf within a reasonable period of time, DSHS respectfully requests that the claims of Onyx be dismissed without prejudice.

## VI.  CONCLUSION

Therefore, the defendant, State of Washington, respectfully requests an order dismissing plaintiff's claims without prejudice if Onyx fails to have a notice of appearance entered on its behalf by January 23, 2006.

DATED this 29th day of November, 2005.

ROB MCKENNA
Attorney General

*/s/ Catherine R. Hoover*
CATHERINE R. HOOVER,
WSBA NO. 22049
Assistant Attorney General
Attorneys for State Defendant

PAGE 5
DEFENDANT'S MOTION TO DISMISS
CV-051848

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA 98504-0124
(360) 459-6558